

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KEITH BRADLEY GRAHAM, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:08-03603-HFF-RSC |
| | § | |
| HENRY DARGAN MCMASTER, | § | |
| Attorney General of the State of | § | |
| South Carolina; and WARDEN, | § | |
| Lee Correctional Institution, | § | |
| Respondents. | § | |

## ORDER

This case was filed pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel. The

matter is before the Court for review of the Report and Recommendation (Report) of the United

States Magistrate Judge suggesting that Respondents' motion for summary judgment be granted and

this matter ended. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule

73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 12, 2009, and Petitioner filed his objections to the Report on June 1, 2009.

Petitioner's only ground for relief asserted in his petition is an ineffective assistance of counsel claim. Although Petitioner frames his ineffective assistance of counsel claim as one claim with a sub-issue, he really asserts two issues: (1) whether trial counsel was constitutionally ineffective for failing to pursue the defense of voluntary manslaughter; and (2) whether trial counsel was constitutionally ineffective for pursuing a trial strategy of jury nullification.

In the Report, the Magistrate Judge recommended granting Respondent's motion for summary judgment because Petitioner had procedurally defaulted on his claims. Petitioner argues in his first two objections, however, that the claim presented in his habeas petition is not procedurally defaulted because he properly made that claim in his prior post conviction relief (PCR) proceeding.

Under the doctrine of procedural default, when a federal habeas petitioner fails to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted. *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007). Absent a showing of cause for the default and actual prejudice resulting therefrom or a showing that a failure to consider the claims will result in a fundamental miscarriage of justice, a federal habeas court may not review claims that have been procedurally defaulted. *Id.*

Under South Carolina law, a "PCR judge must make specific findings of fact and state expressly the conclusions of law relating to each issue presented. The failure to specifically rule on the issues precludes appellate review of the issues." *Marlar v. State*, 375 S.C. 407, 408, 643 S.E.2d 266, 266 (2007). If a PCR judge fails to specifically rule on an issue, "counsel has an obligation to

. . . file a Rule 59(e), SCRCP, motion to alter or amend" the order if he wishes to preserve that issue for appeal. *Id.* at 410.

Petitioner's first claim that trial counsel was constitutionally ineffective for failure to pursue a theory of voluntary manslaughter was properly argued to the PCR judge. However, in his order denying relief to Petitioner, the PCR judge did not address this specific issue. Instead, the PCR judge ruled only on Petitioner's argument that the totality of trial counsel's performance was deficient. (Return and Mem. Appx. 2a at 532.) Petitioner failed to file a Rule 59(e) motion in response to the PCR court's ruling so as to preserve his first claim for appeal. Moreover, Petitioner failed to show cause for his failure to file a Rule 59(e) motion or argue prejudice resulting therefrom. Therefore, Petitioner's first claim was procedurally defaulted at that time.

Petitioner's second claim that trial counsel was constitutionally ineffective in pursuing a strategy of jury nullification was not properly argued to the PCR judge. Under South Carolina law, an issue must be raised or preserved in a lower court for an appellate court to consider the issue. *Pye v. Estate of Fox*, 369 S.C. 555, 564-65, 633 S.E.2d 505, 510 (2006). To classify a claim as having been raised in state court, it must be "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). A fair presentation requires that "both the operative facts and the controlling legal principles" be presented to the state court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)).

After a meticulous review of the record in this case, the Court could find only one mention of jury nullification and that was in an answer to a question given by Petitioner's trial counsel. (Return and Mem. Appx. 1d at 492:19-21.) ("The jury should know that what we're hoping they will do is ignore the law and the facts and find in favor of my client, in sympathy of him as a rape

victim.").)  The issue of jury nullification was not even raised in the question that solicited this answer.  Nonetheless, Petitioner argues that his jury nullification argument could be inferred from the PCR hearing even though his counsel did not once use the phrase "jury nullification" in the PCR hearing.  However, by requiring the PCR judge to draw such an inference, Petitioner has not satisfied the fair presentation requirement as to that claim.  *See Matthews*, 105 F.3d at 911 ("'Oblique references which hint that a theory may be lurking in the woodwork will not' suffice." (quoting *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994))).  Moreover, as with the voluntary manslaughter argument, the PCR judge did not rule on Petitioner's jury nullification claim, and Petitioner failed to file a Rule 59(e) motion so as to preserve that issue for appeal.  Therefore, Petitioner's second claim was also procedurally defaulted at this point.

Admittedly, however, Petitioner attempted to present both of these issues to the South Carolina Supreme Court, but the court summarily denied Petitioner's petition for certiorari. Petitioner argues that this attempt at presentation is sufficient to satisfy the exhaustion requirement, but the Court disagrees. In light of the *Marlar* holding, discussed above, the South Carolina Supreme Court would likely have found Petitioner to be procedurally barred from arguing the claims asserted in his petition for certiorari because he failed to file a Rule 59(e) motion, seeking a specific ruling on those issues.  Thus, the Court finds that Petitioner is procedurally barred from raising both his voluntary manslaughter and jury nullification ineffective assistance claims.

This result is consistent with the conclusions of other district courts that have confronted the issue after *Marlar*.  At least two courts have concluded that petitioners were procedurally defaulted where they failed to seek a specific ruling from the PCR judge, despite the fact that those petitioners also filed unsuccessful petitions for certiorari with the South Carolina Supreme Court.  *See, e.g.,*

*Simmons v. Bazzle*, No. 08-1028, 2009 WL 823302, at *5 (D.S.C. Mar. 26, 2009) (issues not properly preserved for appellate review by the South Carolina Supreme Court on certiorari were procedurally defaulted); *Dash v. Hagan*, No. 08-278, 2009 WL 151527, at *2, 6 (D.S.C. Jan. 21, 2009) (finding claim procedurally defaulted where no Rule 59(e) motion was made, even though petition for certiorari had been filed and dismissed).  In short, despite the fact that Petitioner raised the issues presented in this case in his petition for certiorari, the Court concludes that he has procedurally defaulted on those claims by failing to preserve these issues for appeal.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report to the extent it is not inconsistent with this Order, and incorporates it herein.  Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 11th day of June, 2009, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE


\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.